J-S05014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMMANUEL CRADLE | : | |
| | : | |
| Appellant | : | No. 1046 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 11, 2019
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000308-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMMANUEL CRADLE | : | |
| | : | |
| Appellant | : | No. 1047 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 11, 2019
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000349-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMMANUEL CRADLE | : | |
| | : | |
| Appellant | : | No. 1048 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 11, 2019
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000648-2018

J-S05014-20

BEFORE: SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: **FILED APRIL 17, 2020**

Appellant, Emmanuel Cradle, appeals from the judgments of sentence entered on June 11, 2019, following the revocation of his probation at three trial court docket numbers: CP-41-CR-0000308-2018 ("308-2018"); CP-41-CR-0000349-2018 ("349-2018"); and CP-41-CR-0000648-2018 ("648-2018"). Appellant's counsel has filed petitions to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.[1] After review, we grant counsel's petitions to withdraw and affirm the judgments of sentence.

The trial court summarized the relevant facts and procedural history of these cases as follows:

> This Opinion is written in support of this court's judgment of sentence dated June 11, 2019, which was issued following the revocation of Appellant's probation.
>
> By way of background, on March 12, 2018, [Appellant] entered a guilty plea to Count 2, receiving stolen property, a misdemeanor of the first degree, under criminal docket number 308-2018, and the court sentenced him to one year of probation under the supervision of the Lycoming County Adult Probation Office.

_____

[1] Appellant correctly filed separate notices of appeal at each docket number in accordance with the Supreme Court's directive in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). However, on July 26, 2019, this Court consolidated the appeals _sua sponte_ pursuant to Pa.R.A.P. 513. After the cases were consolidated, Appellant filed a single brief bearing all three docket numbers.

- 2 -

On March 19, 2018, [Appellant] entered a guilty plea to Count 1, theft from a motor vehicle, a misdemeanor of the second degree, under criminal docket number 349-2018, and the court sentenced him to four to eight days' incarceration to be followed by one year of probation to be served consecutive to any and all other sentences [Appellant] was serving.

On April 5, 2018, the court found probable cause that [Appellant] had violated the conditions of his probation by allegedly committing a retail theft (which occurred on March 25, 2018).

On June 1, 2018, [Appellant] entered a guilty plea to Count 1, retail theft, a misdemeanor of the second degree, under criminal docket number 648-2018. The court revoked [Appellant's] probation under criminal docket number 308-2018 and resentenced him to 30 to 67 days' incarceration followed by one year [of] probation. Under criminal docket number 648-2018, the court sentenced [Appellant] to one year of probation consecutive to any and all sentences that [Appellant] was presently serving.

On June 25, 2018, [Appellant] was detained for leaving his approved residence and not obtaining an approved address. On July 5, 2018, the court found that [Appellant's] actions violated the conditions of his probation. The court did not revoke his probation, though. Instead, the court directed that he could not be released on continuing probation until he submitted an approved address and a release plan, which had to include mental health services. On July 17, 2018, [Appellant] was released from incarceration.

On July 23, 2018, a bench warrant was issued because [Appellant] absconded from supervision.

On or about August 3, 2018, [Appellant] was arrested on the bench warrant. He fought and struggled with the adult probation officers and sheriffs who were arresting him. As a result, he received new charges under criminal docket number 1395-2018.

On January 25, 2019, [Appellant] pled guilty to resisting arrest and two counts of harassment under criminal docket number 1395-2018. On March 19, 2019, the court sentenced him

to an aggregate term of seven to eighteen months' incarceration. The court awarded [Appellant] credit for time served from August 30, 2018. The court also revoked [Appellant's] probation under criminal docket numbers 308-2018, 349-2018, and 438-2018[2] and resentenced him to serve one year of probation under each criminal docket number to be served consecutive to each other and consecutive to the sentence imposed under criminal docket number 1395-2018. The court warned [Appellant] that if he failed to comply with his conditions of supervision or if he engaged in criminal conduct, the court might be left with no choice but to warehouse him in a state correctional institution.

On April 11, 2019, [Appellant] was released from incarceration. Within a matter of days or weeks, [Appellant] violated the conditions of his supervision by failing to appear for two consecutive sessions of the Partial Program at Crossroads Counseling and by admitting to using THC on two separate occasions.

On June 11, 2019, the court revoked [Appellant's] probation and resentenced him to: one to two years' incarceration on Count 2, receiving stolen property, under criminal docket number 308-2018; a consecutive one to two years' incarceration on Count 1, theft from a motor vehicle, under criminal docket number 349-2018; guilt without further punishment on Count 3, possession of drug paraphernalia, under criminal docket number 438-2018; and a concurrent one to two years' incarceration on Count 1, retail theft, under criminal docket number 648-2018.[1]

> [1] Under criminal docket number 1395-2018, the court paroled [Appellant] to the sentence[s] imposed under the other criminal docket numbers.

On June 21, 2019, [Appellant] filed a motion for reconsideration of his probation violation sentences. He requested the court to resentence him to a county sentence or release him back to a treatment plan so that he could be close to his mother and his family due to his rehabilitation needs, his mental health issues, the lack of new criminal offenses, and his mother's diagnosis of lung cancer, which greatly affected him.

---

[2] The sentence at 438-2018 is not part of this appeal.

> The court summarily denied this motion [in an order filed on June 25, 2019].

Trial Court Opinion, 10/10/19, at 1-3.  On June 26, 2019, Appellant filed appeals at 308-2018, 349-2018, and 648-2018.  Both the trial court and Appellant complied with Pa.R.A.P. 1925.

As noted, counsel seeks to withdraw representation.  Before we address any questions raised on appeal, we must resolve appellate counsel's request to withdraw.  **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*).  There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on direct appeal.  The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id*. at 1032 (citation omitted).

In this case, we conclude that counsel satisfied these directives.  Within the petitions to withdraw,[3] counsel averred that she conducted a review of the record and pertinent legal research.  Following that review, counsel concluded that the present appeals are frivolous.  Counsel sent Appellant a copy of the

---

[3] Counsel filed separate petitions to withdraw and letters to Appellant at each Superior Court docket number.  The petitions and attached letters were dated November 26, 2019, and were filed in this Court on December 3, 2019.

- 5 -

*Anders* brief and petitions to withdraw, as well as a letter, a copy of which is attached to the petitions to withdraw. In the letter, counsel informed Appellant that he could either represent himself or retain private counsel. Appellant has not filed any additional documents with this Court.

We now examine whether the *Anders* brief satisfies our Supreme Court's dictates in *Santiago*, which provide that:

> in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Cartrette*, 83 A.3d at 1032 (quoting *Santiago*, 978 A.2d at 361).

If we determine that counsel has met the procedural and briefing obligations, it becomes our responsibility "to make an independent determination of the merits of the appeal." *Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (quoting *Santiago*, 978 A.2d at 358). We review the issues identified by appellate counsel in the *Anders* brief and "the record to insure no issues of arguable merit have been missed or misstated." *Id.* (quoting *Commonwealth v. Vilsaint*, 893 A.2d 753, 755 (Pa. Super. 2006)).

Counsel's brief is compliant with *Santiago*. The brief sets forth the procedural history of this case, outlines pertinent case authority, and

discusses counsel's conclusion that the appeal is frivolous. Accordingly, the procedural and briefing requirements for withdrawal have been met.

Counsel has identified the following issue that Appellant believes entitles him to relief:

> I. Did the trial court abuse its discretion when imposing an aggregate resentence of 2 years to 4 years of incarceration in a State Correctional Institution for subsequent probation violations?

**Anders** Brief at 6.[4]

This issue presents a challenge to the discretionary aspects of Appellant's sentence. It is well settled that a challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute. **Commonwealth v. Treadway**, 104 A.3d 597, 599 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence," by (1) preserving the issue in the court below, (2) filing a timely notice of appeal, (3) including a Rule 2119(f) statement, and (4) raising a substantial question for our review. **Commonwealth v. Tejada**, 107 A.3d

---

[4] In the **Anders** brief, counsel set forth an additional query: "Should an application to withdraw as counsel be granted where counsel has investigated the possible grounds of appeal and finds the appeal frivolous?" **Anders** Brief at 6. We conclude that this is not an issue capable of providing Appellant relief; rather, it asks whether counsel satisfied the requirements to withdraw representation. We answer this question not as a separate issue, but as part of our disposition of this appeal as a whole.

788, 797 (Pa. Super. 2015) (citation omitted); **Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013).

In the instant case, Appellant filed timely appeals, the issue was properly preserved in a post-sentence motion filed at each trial court docket, and Appellant's brief contains a statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence pursuant to Pa.R.A.P. 2119(f). Accordingly, we must determine whether Appellant has raised a substantial question that the sentence is not appropriate under 42 Pa.C.S. § 9781(b). **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010).

The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will allow the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code, or (2) contrary to the fundamental norms which underlie the sentencing process. **Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa. Super. 2015). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." **Commonwealth v. Knox**, 165 A.3d 925, 929 (Pa. Super. 2017) (quoting **Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005)).

Herein, Appellant asserts that the trial court abused its discretion when it imposed a state sentence[5] that was excessive and failed to take into consideration his rehabilitative needs. *Anders* Brief at 9. We conclude that Appellant has presented a substantial question. *See Commonwealth v. DiClaudio*, 210 A.3d 1070, 1075 (Pa. Super. 2019) (stating that a claim that a sentence is excessive, in conjunction with an assertion that the trial court failed to consider mitigating factors, raises a substantial question).

"Sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion." *Commonwealth v. Mrozik*, 213 A.3d 273, 276 (Pa. Super. 2019) (citing *Commonwealth v. Downing*, 990 A.2d 788, 792 (Pa. Super. 2010)). Herein, the trial court addressed this issue as follows:

> The court did not sentence [Appellant] out of partiality, prejudice, bias or ill will. The court sentenced [Appellant] to state incarceration, because nothing worked at the county level. See N.T., June 11, 2019, at 28-39; 41-45.[6]

_____

[5] Generally, where the maximum term of incarceration is more than two years, the individual is committed to the Pennsylvania Department of Corrections for confinement. 42 Pa.C.S. § 9762.

[6] At the sentencing hearing, the trial court described in detail Appellant's repeated failures under county supervision. Specifically, the trial court noted that Appellant threatened law enforcement, threatened probation officers, and behaved in a volatile and aggressive manner. N.T., 6/11/19, at 28-29. Moreover, the trial court stated that it was "well aware of his history." *Id.* at 29. Despite numerous opportunities for rehabilitation, Appellant refused to comply with the conditions of his probation. *Id.* at 29-30. The trial court reiterated a statement from Appellant's previous sentencing hearing wherein the trial court warned that if Appellant did not change his behavior, the court would have no choice but to impose a state sentence. *Id.* at 30.

- 9 -

He refused to participate in the Mental Health Court Program. He wanted the Job Corps program but then he changed his mind and didn't want to do that either. He was referred to a group home back in 2017, and he left it. He was supposed to go to the Sharwell Building so he could get a mental health caseworker, but it did not follow through with going there. He had services through the Mental Health Forensic Team. He was supposed to complete the partial program. He went for one day but then he did not return. He gave several reasons or excuses for not completing the partial program including he found out his mom had lung cancer, he had a job interview, he wanted to go to individual rather than group counseling, and he didn't want to be bothered.

His approved address was at his grandfather's residence but he got kicked out for not following rules. When he was released from incarceration, he was to stay at the American Rescue Workers. He stayed one night and did not go back. He was supposed to report to his probation officer as instructed but he did not report and a bench warrant was issued for his arrest.

While he was incarcerated at the county prison, he began receiving medications but they were stopped because he was non-compliant with taking them as directed. He failed to follow the rules in the county prison and received multiple write-ups and was placed in disciplinary lock up. His infractions included interfering with prison employees in the performance of their duties, refusing to obey orders, disrupting prison routine, obstructing a security camera, instigating a fight, damaging county property, and disrespecting staff.

The court tried everything, but nothing worked. Therefore, the court revoked [Appellant's] probation and imposed a sentence of state incarceration. Even with that sentence, however, by making [Appellant] eligible for boot camp the court gave [Appellant] the opportunity to participate in programming that would provide him with the discipline and structure that he needs and allow him to be released in a matter of months rather than years. Unfortunately, like many of the programs and services offered at the county level, [Appellant] is not willing to try, let alone complete, boot camp.

Trial Court Opinion, 10/10/19, at 4-5.

We agree with the trial court's conclusion and we find this sentencing challenge meritless. The trial court previously warned Appellant that if he continued his failures to comply with county supervision, the court would sentence Appellant to incarceration at a State Correctional Institution. Additionally, although Appellant complains about the length of his prison term, the duration of the aggregate sentence was due to the trial court ordering Appellant to serve the sentences at 308-2018 and 349-2018 consecutively. It is well settled that the "imposition of consecutive rather than concurrent sentences rests within the trial court's discretion." *Commonwealth v. Foust*, 180 A.3d 416, 434 (Pa. Super. 2018) (citation omitted). Criminal defendants convicted of multiple offenses are not entitled to a "volume discount" on their aggregate sentence. *Id.* Moreover, we point out that the trial court had the option of running all of Appellant's individual sentences consecutively, but it chose not to do so. The trial court also noted Appellant's history, personal and family issues, and rehabilitative needs; nevertheless, the trial court concluded that Appellant's failures at rehabilitation and disruptive conduct required the sentence imposed. After review, we discern no abuse of discretion.

Finally, we have independently reviewed the record in order to determine if counsel's assessment about the frivolous nature of the present appeal is correct. *Yorgey*, 188 A.3d at 1195. After review of the issue raised by counsel and our independent review of the record, we conclude that an

appeal in this matter is frivolous. Accordingly, we grant counsel's petitions to withdraw and affirm the judgments of sentence.

Petitions to withdraw as counsel granted. Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/17/2020